UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO MERCADO-RANGEL,<br><br>Defendant. | No.  2:18-cr-00164-MCE<br><br>**ORDER** |

On Friday, December 18, 2020, the Court heard oral argument concerning the Government's Motion for Revocation of Magistrate Court's Order of Release on Secured Bond (ECF No. 300).  The Court incorporates herein the reasoning set forth on the record before the parties.  For those reasons, and the reasons that follow, the Government's Motion is GRANTED.

"The Bail Reform Act governs the detention of a defendant pending trial." United States v. Hir, 517 F.3d 1081, 1085 (9th Cir. 2008) (citing 18 U.S.C. § 3142).  "The Act mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" Id. at 1086 (quoting 18 U.S.C. § 3142(e)).  "Where, as here, there is probable cause to believe that the defendant has committed an offense . . . for which a maximum term of imprisonment of

ten years or more is prescribed, there is a rebuttable presumption that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.'" Id. "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." Id. "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" Id. (quoting 18 U.S.C. § 3142(f)(2)(B)).

This Court finds that under any standard, Defendant presents an unmitigated flight risk and danger to the community. Under his current circumstances, no combination of conditions will assure either his presence or the safety of the community. Defendant is a citizen of both the United States and Mexico and has strong ties to Mexico where he owns a home, spent most of his life, and was in a long-term relationship with a woman. Moreover, he is being charged for his participation as a cook in a multi-defendant, large-quantity methamphetamine conspiracy wherein a co-defendant with whom Defendant shared a residence was found with seven assault rifles and a handgun. A relatively small secured bond is insufficient to ensure Defendant's future appearance in these proceedings. Nor is the Court persuaded that location monitoring would provide any such assurances since Pretrial Services will not install the requisite equipment until a 14-day quarantine period has passed. That requirement renders any location monitoring requirement essentially useless. Finally, given the large-scale conspiracy in this case, compounded by the presence of firearms in Defendant's residence, the Court finds that no set of circumstances could alleviate the potential danger to the community should Defendant be released. The Government's Motion for Revocation of Magistrate Court's Order of Release (ECF No. 300) is thus GRANTED.

IT IS SO ORDERED.

DATED: December 30, 2020

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE